IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY,<br><br>         Plaintiff,<br><br>         v.<br><br>EL LEGADO PROPERTY MANAGEMENT COMPANY, INC., EL LEGADO DE CHI CHI RODRIGUEZ GOLF RESORT, INC., EL LEGADO DE CHI CHI RODRIGUEZ GOLF RESORT, (SC) SE, EL LEGADO HOMEOWNER'S ASSOCIATION, INC. and EL LEGADO CONDOMINIUM, REGIME I, and REAL LEGACY ASSURANCE COMPANY<br><br>         Defendants. | CIVIL NO.: 3:11-cv-01303 |

**PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 56(D)
AND OPPOSITION TO DEFENDANT REAL LEGACY'S MOTION TO DISMISS**

Now comes Plaintiff, Great Northern Insurance Company ("Great Northern"), through its undersigned counsel, and respectfully moves this Honorable Court for an Order for Relief pursuant to Federal Rule of Civil Procedure 56(d)[1] or, in the alternative, that Defendant Real Legacy Assurance Company's ("Real Legacy") Motion to Dismiss be denied in its entirety:

**I.   INTRODUCTION**

On January 19, 2012, after counsel entered an appearance for Defendant Real Legacy and Defendant Real Legacy filed motions in this action (Docket Nos. 32, 33, 35, 36, & 43), Plaintiff Great Northern filed its First Amended Complaint formally naming Real Legacy as a defendant pursuant to P.R. Laws Ann. tit. 26 § 2003 (Docket No. 42). Plaintiff's subrogation action stems

---

[1] Prior to December 1, 2010, the applicable rule was 56(f). It was amended and now can be found at rule 56(d), which was effective on December 1, 2010.

from the May 19, 2010 robbery of its insureds at the El Legado Golf Resort and Villas in Guayama, Puerto Rico. Id. at ¶ 18, 25, 28-29. Plaintiff's claims against the Defendants relate to negligent security services throughout the Golf Resort and Villas, which are all part of a single resort complex. Id. at ¶¶ 18-20, 22-27, & Count I. Plaintiff named as defendants the legal entities which hold the ownership and management interests in the El Legado Golf Resort – El Legado de Chi Chi Rodriguez Golf Resort, Inc. and El Legado de Chi Chi Rodriguez Golf Resort, SC SE. Id. at ¶¶ 9-12. Plaintiff has alleged that Real Legacy provided liability insurance coverage to the El Legado Golf Resort and is therefore directly liable to Plaintiff. Id. at ¶¶17 & 21.

In response to the First Amended Complaint, Defendant Real Legacy filed a Motion to Dismiss (Docket No. 49), in which it argues that it did not insure the companies that own and manage the El Legado Golf Resort and that Plaintiff's claims are not covered based on extrinsic evidence presented from a Declarations Manual and other materials outside of the pleadings.

In this Rule 56(d) Motion and Opposition to the Motion to Dismiss, Plaintiff requests that the Court deny Defendant's Motion because it insured "El Legado Golf Resort" or, in the alternative, defer its ruling on the Motion until Plaintiff can conduct necessary discovery of the issues.

**II.   LEGAL ARGUMENT**

   **A.   Defendant's Motion Should be Treated as a Motion for Summary Judgment.**

Defendant's Motion is made pursuant to 12(b)(6) for failure to state a claim based on the allegation that there is no insurance coverage for the defendants. However, Defendant Real Legacy attached 5 Exhibits to its Motion, which included hundreds of pages of lengthy insurance

policy forms that are not certified copies,[2] Declarations pages, website pages for El Legado Golf Resort from January 2012, pages from an unknown Declarations Manual, and a self-serving affidavit from an employee.

Given the inclusion of materials outside of the pleadings as a basis for the Motion to Dismiss, the motion is in reality one for summary judgment, which should be summarily denied pursuant to this Court's Scheduling Order.  See Docket 35 at 3 ("Hybrid motions only foster confusion and delay and if filed **shall be summarily DENIED**.").

Federal Rule of Civil Procedure 12(d) provides that "If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." See also In Re reinforced Earth, Co., 925 F. Supp. 913, 915 (D. P.R. 1996) (reference to insurance contract outside the pleadings converts motion to one for summary judgment).  Thus, if the Court chooses to consider materials outside of the pleadings and there is a dispute concerning those documents, the motion is converted into one for summary judgment.  Colon v. Municipality of Maricao, 2011 U.S. Dist. LEXIS 30415, No. 09-02217(PG), * 9-10 (D. P.R. 2011).  Thereafter, on summary judgment, the Court must examine the facts in the light most favorable to the non-movant, "indulging that party with all possible inferences to be derived from the facts."  Lopez & Medina Corp. v. Marsh USA, Inc., 694 F. Supp. 2d. 119, 124 (D. P.R. 2010).

    **B.**    **The Court Should Afford Plaintiff an Opportunity to Conduct Discovery.**

        **1.**    **Standard of for Rule 56(d) Relief.**

In view of the Defendant's Motion being converted to one for summary judgment, Plaintiff respectfully asserts that it should be afforded a reasonable opportunity to conduct

---

[2] Despite several pre-motion requests, Defendant did not provide Plaintiff with the declarations pages or policy forms attached to its Motion prior to filing the Motion.

discovery under Rule 56(d) before the Court rules on the Motion.  Because of the dispositive nature of such motions, the U.S. Supreme Court has cautioned against the "railroading" of parties by the filing of premature summary judgment motions before the non-moving party has had an adequate opportunity to take discovery.  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  The First Circuit has also noted the critical importance of the need for discovery in the context of summary judgment motions.  See e.g. Carmona v. Toledo, 215 F.3d 124, 132-133 (1st Cir. 2000).  Accordingly, summary judgment should not be granted where the nonmoving party has not been able to conduct any discovery.  See Anderson v. Liberty Lobby, 477 U.S. 242, 250, note 5 (1986) ("Rule 56(f)'s provision [requires] that summary judgment be refused where the nonmoving party has not had the opportunity to discovery information that is essential to his opposition"); see also Allstate Ins. Co. v. Warns, 2012 U.S. Dist. LEXIS 26174, No. CCB-11-1846, * 35 (D. Md. Feb. 29, 2012) (summary judgment should be refused where discovery has not yet begun and party opposing it has identified information it needs in discovery).

   Rule 56(d) provides parties with a safety valve where they are genuinely in need of further time to marshal the facts essential to their opposition to summary judgment.  Resolution Trust Corp. v. North Bridge Assocs, Inc., 22 F.3d 1198, 1204 (1st Cir. 1994).  Rule 56(d) provides that if the non-movant shows that it cannot present facts essential to its opposition, the Court may "(1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order."  Courts should "construe motions that invoke the rule generously, holding parties to the rule's spirit rather than its letter."  Id. at 1203.  Under most circumstances, motions under Rule 56(d) should be granted as a matter of course.  McVan v. Bolco Athletic Co., 600 F. Supp. 375, 378 (E.D. Penn. 1984).

According to First Circuit precedent, there are five criteria to grant Rule 56(d) relief: authoritativeness, timeliness, good cause, utility and materiality.  Resolution Trust, 22 F.3d at 1203.  Although it is not necessary to demonstrate all four requirements, satisfaction of all four give rise to a strong presumption in favor of relief.  Id.  Courts should further construe motions under Rule 56(d) liberally and, unless the court reasonably concludes that the motion is a stalling tactic or an exercise in futility, it should be granted.  Id. at 1203.  Plaintiff's motion meets all the requisite standards for the granting of the relief requested in this motion.

**2.     Plaintiff's request complies with authoritativeness and timeliness.**

A Rule 56(d) motion is authoritative when, among other things, it is supported by written representations of counsel under Rule 11.  Paterson-Leitch v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985, 988 (1st Cir. 1988); Ortiz Cameron v. Drug Enforcement Adm., 959 F. Supp. 92, 93 (D. Puerto Rico 1997).  Here, the request for relief is signed by counsel.

As to the timeliness factor, Rule 56(d) motions must be filed within a reasonable time following receipt of a motion for summary judgment.  Resolution Trust, 22 F.3d at 1204.  Plaintiff has acted promptly in this regard:  Defendant's Motion was filed on January 31, 2012 (Docket No.49) and on February 8l, 2012 this Court granted Plaintiff until March 2, 2012 to oppose or otherwise reply (Docket No. 53).  Plaintiff has filed its reply within the time afforded by the Court and therefore has acted in a timely fashion.

**3.     Plaintiff has good cause for not having completed discovery before**.

Defendant did not produce all of the Exhibits attached to its Motion prior to filing a Motion to Dismiss, will not engage in any discovery with Plaintiff,[3] and has not provided its underwriting file.  Thus, Plaintiff has not had any opportunity to test the representations in

---

[3] See Exhibit A, Email from Counsel, 2/1/2012, in which Real Legacy states that it "is not a defendant in the case," "has not agreed to start any discovery," and will not engage in discovery until the Motion to Dismiss is decided.

5

Defendant's Affidavit and other Exhibits through discovery. This is the type of circumstance that Rule 56(d) was designed to prevent. See e.g., Anderson, 477 U.S. at 250, note 5.

### 4. Utility and materiality are met because discovery will reveal genuine issues of material fact.

The "utility" requirement tests whether the moving party has presented a plausible basis to believe discoverable materials exist that would likely raise a genuine issue of material fact and, thus, defeat summary judgment. Resolution Trust, 22 F.3d at 1206. On the other hand, "materiality" for purposes of Rule 56(d) means "material" to the issues raised on summary judgment. Id. at 1207. The facts that one seeks to discover must be foreseeably capable of breathing life into their claim but "the threshold of materiality at this stage of a case is necessarily low." Id. at 1207.

In this case, neither Plaintiff nor the Court has been provided with complete certified copies of the underwriting file or policy for El Legado Golf Resort and therefore critical discovery issues, which could reveal applicable coverage, remain. Plaintiff should be afforded an opportunity to conduct discovery of the underwriting file and test the representations of Defendant's Affidavit. To refuse to grant Plaintiff this opportunity would be to credit Defendant's word without the benefit of confirming it through any discovery.

### C. There are Outstanding Genuine Issues of Material Fact.

### 1. Coverage must be evaluated in favor the insured.

Under Puerto Rico law, every insurance contract must be construed according to "the entirety of its terms and conditions set forth in the policy, and as amplified, extended, or modified by any lawful rider, endorsement, or application attached to and made part of the

policy."[4] Lopez & Medina Corp., 694 F. Supp at 124. When the language and terms are clear, the Court must strictly enforce the literal sense of the written contract and exclude parole evidence. Id. The language used must be interpreted according to "its common and general usage." Nahan v. Pan Am. Grain Mfg. Co., Inc., 62 F. Supp. 2d 419, 423 (D. P.R. 1999); see also Aguila v. Den Caribbean, Inc., 490 F. Supp. 2d 244 (D. P.R. 2007) ("The court should assign terms their common meanings"). Thus, the fact that the policy forms and declarations documents submitted by the Defendant clearly state that general liability coverage is afforded to "El Legado Golf Resort" and there is no actual exclusionary language cited necessarily means that this Court must find coverage for the two legal entities that own and manage the Resort, i.e., the legal entities that are El Legado Golf Resort.[5]

Furthermore, even if the Court is willing to entertain Defendant's attempt to avoid coverage by arguing that the legal entities sued by Plaintiff are not technically phrased the same as the commonly used name "El Legado Golf Resort" or are somehow not part of the Resort, under Puerto Rico law, "insurance contracts are contracts of adhesion that must me liberally construed in favor of the insured." Aguila, 490 F. Supp. 2d at 248; Nahan, 62 F. Supp. 2d at 423 (same). Moreover, "exclusionary language (setting forth circumstances in which the insurance policy does not provide coverage) should be interpreted *restrictively* in order to comply with the policy's intent of providing coverage to the insured." Aguila, 490 f. Supp. 2d at 248-49 (emphasis added); see also Nahan, 62 F. Supp. 2d at 424, note 5 ("exclusion clauses . . . shall be interpreted restrictively, generally favoring coverage to the insured"). "Any ambiguity shall be resolved in favor of the insured." See In Re reinforced Earth, Co., 925 F. Supp. at 918, note 21;

---

[4] Defendant has not actually cited any specific provision, section, rider, endorsement or application related to the policy that precludes coverage. Rather, Defendant has tried to assert that the named defendants are not part of El Legado Golf Resort and that extrinsic declaration manual pages show certain services or claims are not covered.

[5] See Sec. II, C, 2, *infra.*

see also Nahan, 62 F. Supp. 2d at 423 ("any doubts . . . must be resolved in favor of the insured"). Consequently, the Court should err on the side of finding coverage.

**2.     The Declarations page creates a genuine issue of material fact.**

The Declarations page provided by Defendant clearly states that Real Legacy provides commercial general liability coverage in the amount of $1,000,000 for "*El Legado Golf Resort*" in Guayama, Puerto Rico, for 3/17/2010 to 3/17/2011, which included the timeframe for Plaintiff's claims stemming from the robbery on May 19, 2010. See Docket 49-1, Commercial General Liability Declarations. For this coverage, Real Legacy was apparently paid a premium of $4,470, see id., which calls into question what Real Legacy was charging for if it was not insuring the legal entities who owned and operated the Golf Resort.[6]

In the First Amended Complaint, Plaintiff asserted claims against the legal entities that own and manage the El Legado Golf Resort in Guayama, Puerto Rico, which are "El Legado de Chi chi Rodriguez Golf Resort, Inc" and "El Legado de Chi Chi Rodriguez Golf Resort, (SC) SE."[7] See Docket 42, ¶¶ 9 & 11. Moreover, Plaintiff alleged that El Legado de Chi Chi Rodriguez Golf Resort, Inc. was "the golf resort and management company for the El Legado Golf Resort and its associated residences" and that El Legado de Chi Chi Rodriguez Golf Resort, (SC) SE is "a special partnership" that was "engaged in business as the golf resort at the El Legado Resort." See id. at ¶¶ 10 & 12. Therefore, although Defendant has tried to create a distinction and avoid coverage by saying that Plaintiff has not sued the commonly used name of El Legado Golf Resort, when viewed in the light most favorable to Plaintiff on summary judgment, Plaintiff has actually alleged claims against El Legado Golf Resort and the two legal

---

[6] Real Legacy has not provided any payment documents showing who paid the premium.
[7] Plaintiff's searches prior to initiating this litigation revealed that these are the legal entities that own and manage El Legado Golf Resort. Although Defendant asserts that it only insures "El Legado Golf Resort" and not these entities, Defendant has not actually identified other legal entities that owned the resort and golf club services it claims to have insured under the policy.

8

entities that own and operate the Golf Resort. Defendant's argument that Plaintiff has not sued covered insureds fails to recognize that Plaintiff has actually sued the legal entities, which shows that Defendant's arguments are nothing more than a delay tactic to avoid coverage.[8]

### 2. The policy forms produced do not show a lack of coverage.

The policy forms provided by Defendant are just that, i.e. forms. They are not certified copies of the insurance policy with an attestation from a company representative, which one would expect a carrier such as Real Legacy to provide. See Docket 49-2, Policy Forms. Indeed, even in the Alvarez Affidavit, there is no representation that we have a certified copy of the insurance policy. See Docket 49-8, Alvarez Affidavit.

Defendant also appears to be arguing that perimeter security at the Resort is not covered by the insurance policy. Defendant looks outside the policy to the Declaration Manual pages to argue the services were not covered because of the classification of the risk under this manual. But no actual policy provision, endorsement, rider, amendment or exclusion is cited by Defendant when it claims that Plaintiff's claims are "definitely excluded from coverage." See Defendant's Motion, p. 7. Thus, there is a genuine issue of material fact that requires discovery as to whether negligence is a covered claim.

Furthermore, the policy forms provided by Defendant included endorsements issued by "Royal Insurance Co. of Puerto Rico, Inc." See Docket 49-8. This alone raises a genuine issue of material fact that requires discovery because this a different insurance company from Defendant Real Legacy and calls into question the applicability of the forms provided by Defendant, especially since Royal Insurance Co. of Puerto Rico is not listed on the declarations pages that have been produced. See Docket 49-1. And nowhere in its Motion does Defendant

---

[8] Indeed, a review of the underwriting file and insurance application that have not been produced may reveal that all of the legal entities who had an interest in the resort and golf course were to be considered insureds.

address this other company and its employee's Affidavit does not attest to having checked the records for Royal Insurance co. of Puerto Rico, Inc.

### 3. Alvarez's Affidavit is self-serving and calls for discovery.

The self-serving Alvarez Affidavit also raises questions of material fact because although she alleges she searched the "Subscription Department," the files and materials she searched or persons she spoke with are not identified. One would have expected Defendant to provide copies of the underwriting file materials, including the insurance application and premium payment histories, to support its arguments. Moreover, although the Affidavit states that the Declarations Manual Pages were used, it only says that the pages used to classify insured locations match the classification codes on the Declaration Manual pages, not that Alvarez has personal knowledge of the use of the manual pages or that the manual pages provided are true and accurate copies of codes that were used at the time of the policy was issued. The Affidavit's statement that the location of the robbery was not covered also ignores that the resort and golf operations were part of a single complex and there is a genuine issue of fact as to whether El Legado Golf Resort provided perimeter security for the complex, which included the Resort and Villas.

### D. Plaintiff Should be Allowed to Conduct Discovery.

Plaintiff should be allowed to conduct discovery before this Court rules on Defendant's Motion because there are several critical insurance materials that have not yet been provided. Specifically, Defendant has not produced a certified copy of the policy or its entire underwriting file. Presumably, Defendant has a file that contains the insurance application, certificates of insurance, appraisals, reports, history of premium payments, and communications with El Legado Golf Resort or its insurance brokers concerning insurance, which all are critical to the evaluation of whether there is coverage in place for any of the defendants. Indeed, it could be

that there is crucial information still waiting to be uncovered and we simply will never know unless Plaintiff is afforded a chance to conduct discovery.

### IV.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter an Order denying Defendant Real Legacy Assurance Company, Inc.'s Motion to Dismiss or, in the alternative, deferring its ruling on the Motion so that Plaintiff can conduct discovery regarding the insurance coverage issues raised by Defendant.  Plaintiff also respectfully requests that the Court grant Oral Argument on Defendant's Motion during the Initial Scheduling Conference that has been set for Monday, April 16, 2012 at 5 p.m.

RESPECTFULLY SUBMITTED.
The undersigned attorney hereby certifies that counsel of record was notified via the Court's ECF System which will electronically email this motion to them.

In San Juan, this 2nd  day of March, 2012.

> CORREA-ACEVEDO LAW OFFICES, P.S.C.
> ATTORNEYS FOR
> GREAT NORTHERN INSURANCE COMPANY
> Centro Internacional de Mercadeo II
> Suite 407 #90 Carr. 165
> Guaynabo, Puerto Rico 00968
> Tel. (787) 273-8300
> Fax. (787) 273-8371
> email: ra@correaacevedo.com
>
> *S/Roberto Abesada-Agüet*
> USDC-PR No. 216706

CO-COUNSEL:
Joseph F. Rich, Esquire, James P. Cullen, Jr., Esquire
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA  19103
(215) 665-7185