UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREAT NORTHERN INSURANCE CO.<br>As subrogee of Juan A. Rodriguez Vila and<br>Iwalani Rodriguez<br><br>Plaintiff<br><br>Vs.<br><br>EL LEGADO PROPERTY MANAGEMENT<br>COMPANY, INC.; EL LEGADO DE CHI CHI<br>RODRIGUEZ GOLF RESORT, INC.;<br>EL LEGADO DE CHI CHI RODRIGUEZ<br>GOLF RESORT, (SC) SE; EL LEGADO<br>HOMEOWNER'S ASSOCIATION, INC, and<br>EL LEGADO CONDOMINIUM, REGIME I<br><br>Codefendants | CIVIL NO. 11-1303 (DRD)<br><br><br><br><br><br>Re: NEGLIGENCE, BREACH OF<br>     CONTRACT, & BREACH<br>     OF WARRANTY |

## RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR RELIEF UNDER RULE 56 (D) (Docket No. 54)

TO THE HONORABLE COURT:

COMES NOW REAL LEGACY ASSURANCE COMPANY, INC, through the undersigned counsel and without submitting to this Honorable Court`s jurisdiction, respectfully sets forth and prays:

### I. INTRODUCTION

Plaintiff filed a Motion For Relief Under Rule 56 (D), in response to the motion to dismiss pursuant to Fed. Civ. R. 12(b)(6) filed by Real Legacy Assurance Company, Inc. in the case at bar.  (See Docket No. 54).  Plaintiff has not opposed Real Legacy's motion to dismiss. Instead, plaintiff requests an order for relief to do discovery pursuant to Fed. Civ. R. 56 (D).

Real Legacy filed a motion for extension of time until 3/26/2012 to file response to

2.

plaintiff's motion at Docket 54. (See Docket No. 57). This Honorable Court granted Real Legacy's request at Docket No. 58.

Real Legacy filed its motion to dismiss pursuant to Rule 12(b)(6) and provided plaintiff with a **certified copy** of the insurance policy # CPP2304E issued in the name of El Legado Golf Resort for the period from 03/17/2010 to 03/17/2011, including its Declarations. (See Motion To Dismiss at Docket No. 49, Exhibits I, I-A, I-B and I-C). See **Exhibit I** of the present motion- the first page of the aforementioned insurance policy, which shows the signature of Ms. C. M. Maldonado, who certifies the insurance policy provided to plaintiff with the Motion To Dismiss to be a **"certified true copy".**

In addition, Real Legacy provided plaintiff with copy of the pages of the Declarations Manual used by the insurance company to classify the insured locations. (See Motion To Dismiss Exhibit IV). These pages specifically match with the code numbers, the classifications of the insured locations specified in the Declarations Page. From the Declarations contained in the policy, it becomes obvious that the only insured locations at the El Legado Golf Resort, are a Golf Driving Range, Golf Club, Restaurant and Golf Store.

Plaintiff's First Amended Complaint alleges that:

> "1. This is a lawsuit arising out of a theft of personal property of Plaintiff Great Northern Insurance Company's (hereinafter "Great Northern") insureds, Juan A. (Chi Chi) Rodriguez Vilá and Iwalani Rodriguez. As more fully alleged below, on May 19, 2010, Plaintiff Great Northern's insureds, Juan A. (Chi Chi) Rodriguez Vilá and Iwalani Rodriguez (hereinafter "Insureds"), **were robbed in their residence** at the El Legado Golf Resort in Guayama, Puerto Rico by five (5) to seven (7) armed and masked individuals (hereinafter "the Robbery"). The inadequate and improper security provided by Defendants allowed the Robbery to occur and resulted in Plaintiff Great Northern paying its Insureds $404,000.00 for losses from the theft of various items of jewelry during the Robbery".

3.

>At all times material hereto, Defendants El Legado Property Management Company, Inc., El Legado de Chi Chi Rodriguez Golf Resort, Inc., El Legado de Chi Chi Rodriguez Golf Resort (SC) SE, and El Legado Homeowners Association, and El Legado Condominium, Regime I (herein collectively "Defendant El Legado") **provided security services** and/or voluntarily assumed the responsibility for providing security services for the Resort and the Property by employing a security guard". (Emphasis added).

The residences where the robbery allegedly took place, are not insured locations under the aforementioned policy. There is obviously no coverage in the policy issued by Real Legacy for any of the named defendants, neither for the allegations contained in the complaint.

Real Legacy also provided plaintiff with an **affidavit** subscribed by Ms. Glorianna Alvarez Vicente, Real Legacy's Commercial Lines Underwriter, which verifies the aforementioned under oath. (See Docket No. 49, Exhibit V).

This Honorable Court ordered the parties to clarify the coverage issue. Real Legacy has thoroughly complied with this Honorable Court's order. Plaintiff's request for an order to do discovery is geared towards delaying the procedures in the instant case and trying to involve Real Legacy in a discovery procedure, when there is clear proof that there is simply no coverage for any of the defendants in the instant case, neither there is coverage for the allegations contained in the First Amended Complaint.

Plaintiff uses excuses to prolong the dismissal of its action against Real Legacy, such as to Real Legacy's policy not being a certified true copy. (See plaintiff's motion at page 3, first paragraph). As previously shown, the insurance policy provided by Real Legacy as an exhibit in its motion to dismiss, is a certified true copy, which also includes the Declarations pages, as part of the policy. The aforementioned affidavit subscribed by Real Legacy's Commercial Lines Underwriter, Ms. Glorianna Alvarez Vicente, states under solemn oath that after performing a

4.

search in Real Legacy's Subscription Department as to policy CPP2304E issued in the name of El Legado Golf Resort, she found that none of the defendant entities named in the instant case "are insured names under the policy issued by Real Legacy to El Legado Golf Resort". She further mentions specifically: "El Legado Property Management Company, Inc., El Legado de Chi Chi Rodriguez Golf Resort, Inc., El Legado de Chi Chi Rodriguez Golf Resort, SC SE, El Legado Homeowners Association, and El Legado Condominium, Regime I".

In her affidavit, Ms. Glorianna Alvarez Vicente, further states under oath that the Declarations Page of the policy CPP2304E, includes the insured locations as : "1 Golf Driving Range - Code 44071, 1 Clubs Country or Golf - Code 11138, 1 Restaurants with no sale of alcoholic beverages - Code 16814, and 1 stores - no food or drink". Her affidavit further states that "the Declarations Manual used by Real Legacy to classify the insured locations, exactly match with the classification codes exposed in paragraph fourth of the present statement".

Furthermore, Ms. Glorianna Alvarez Vicente, states in her affidavit, that "the premises where the robbery took place, namely the residences or villas of El Legado, are not locations insured in the policy issued by Real Legacy in the name of El Legado Golf Resort".

This Honorable Court has seen that plaintiff is wrong. Real Legacy has afforded plaintiff all the pertinent information to base its motion to dismiss. Plaintiff is simply looking for excuses to prolong the procedure and keep Real Legacy in the same, although it is obvious that there is no coverage. Another excuse is the one related to Royal Insurance Company's name which appears in two endorsements of the policy, namely asbestos and punitive damages exclusion, which bear no pertinence as to the liability coverage in the instant case. Royal Insurance Company officially changed its corporate name to Real Legacy Assurance Company, Inc., which is of general

5.

knowledge in the insurance industry in Puerto Rico.  But this fact is of no consequence at all, as to the genuineness of the insurance policy.

In its motion for relief, plaintiff states as follows:

> "…Plaintiff's subrogation action stems from the May 19, 2010 robbery of its insureds at the El Legado resort and Villas in Guayama, Puerto Rico. …Plaintiff's claims against the Defendants relate to negligent security services throughout the Golf Resort Villas, which are all part of a single resort complex…. Plaintiff named as defendants the legal entities which hold the ownership and management interests in the El Legado Golf resort - El Legado de Chi Chi Rodriguez Golf Resort, Inc. and El Legado de Chi Chi Rodriguez Golf Resort, SC SE… Plaintiff has alleged that Real Legacy provided liability insurance coverage to the El Legado Golf Resort and is therefore directly liable to plaintiff". (Cites omitted).

Plaintiff proposes in its motion for relief, that Real Legacy's motion to dismiss for lack of coverage, is really a hybrid motion in accordance with the Case Management Order entered at Docket 35, at page 3, paragraph 2.  But the Case Management Order "instructs the parties not to file any hybrid 'Motions To Dismiss and/or Summary Judgment'.  Motions to dismiss shall be filed separately from motions for summary judgment".  Real Legacy has complied with the aforementioned Case Management Order.

Fed. R. Civ. P. 12(b)(6) states:

> "…(d) RESULT OF PRESENTING MATTERS OUTSIDE THE PLEADINGS. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56..."

Nevertheless, *Aldahonda-Rivera v. Parke Davis & Company*, 882 F. 2d 590, explains that:

> "Whether denominated a motion to dismiss or a summary judgment motion, when a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes its ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss. *Fudge v. Penthouse International, Ltd*., 840 F.2d 1012, 1015 (1st Cir.), cert. denied, --- U.S. ----, 109

6.

>S.Ct. 65, 102 L.Ed.2d 42 (1988). Rule 12(b) requires that the grounds for dismissal must be clear on the face of the pleadings alone.2 If the court considers matters "outside" the pleadings, this converts the motion to one for summary judgment under Rule 56. *Puerto Rican-American Ins. Co. v. Benjamin Shipping Co.*, 829 F.2d 281, 285 (1st Cir.1987). <u>Rule 56 defines matters outside the pleadings as "depositions, answers to interrogatories, and admissions on file, together with the affidavits</u>, if any....".  (Emphasis added).

In the case at bar, Real Legacy did not base its motion to dismiss on "<u>depositions, answers to interrogatories, and/or admissions on file</u>", but only upon an affidavit including a certified true copy of the pertinent insurance policy, in which the insurance company states under oath the pertinent information as to lack of coverage.

Real Legacy has filed its motions to dismiss for lack of coverage in numerous cases, based only upon an affidavit stating the pertinent information about the policy and has been resolved by this Honorable District Court as a motion to dismiss under Fed. R. Civ. P. 12(b)(6).

Granting plaintiff the remedy seek, namely to convert Real Legacy's motion to dismiss into a motion for summary motion, will definitely unnecessarily prolong the procedure in the instant case.

Citing the case of *Valle-Colón v. Municipality of Maricao,* 2011 U. s. Dist (D. P.R.), plaintiff states that: "Thus, if the Court chooses to consider materials outside of the pleadings <u>and there is a dispute concerning those documents</u>, the motion is converted into one for summary judgment".  There is no dispute in this case concerning Real Legacy's policy.  Plaintiff is trying to raise a dispute over the insurance policy, where there is really none, trying to convert the motion to dismiss into one of summary judgment..

*Valle-Colón* states that there is no obligation to convert the motion to dismiss into a motion for summary judgment when the materials outside of the pleadings in question have been

7.

sufficiently mentioned in the complaint, thus it resolves that:

> "**B. Standard for 12(d)**
>
> Federal Rule of Civil Procedure 12(d) states: "If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." The First Circuit has held that at the discretion of the district court, "a motion to dismiss may be converted to a motion for summary judgment if the court chooses to consider materials outside the pleading in making its ruling.
>
> Trans-Spec Truck Serv., Inc. v. Caterpillar, Inc., 524 F.3d 315, 321 (1st Cir. 2008) (citing Fed.R.Civ.P. 12(d) and Garita Hotel Ltd. P'ship v. Ponce Fed. Bank, F.S.B., 958 F.2d 15, 18 (1st Cir. 1992)). More specifically, the First Circuit has found that "the proper approach to Rule 12(b)(6) conversion is functional rather than mechanical. A motion to dismiss is not automatically transformed into a motion for summary judgment simply because matters outside the pleadings are filed with, and not expressly rejected by, the district court. "If the district court chooses to ignore the supplementary materials and determines the motion under the Rule 12(b)(6) standard, no conversion occurs." Garita Hotel, 958 F.2d at. 18. Thus, the test is not whether supplementary materials were filed, but whether the court took cognizance of them. Id.
>
> However, as Defendants correctly point out, in reviewing a Rule 12(b)(6) motion the Court may consider "documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim**; [and] documents sufficiently referred to in the complaint.**" Curran v. Cousins, 509 F.3d 36, 44 (1s Cir. 2007)(citing CIV. NO. 09-02217 (PG) Page 6 Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).
>
> In the instant case, there is no dispute over the authenticity of the exhibits. Nor is there a dispute over the exhibits being part of the public record. Moreover, **the Court finds that Defendants' exhibits are sufficiently referred to in Valle's complaint. Thus, the Court finds no need to consider Defendants' most recent motion to dismiss (Docket No. 27) as one for summary judgment despite its inclusion of additional exhibits**".
>
> (Emphasis added).

Plaintiff makes reference all through-out the First Amended Complaint as to the alleged

8.

fact that Real Legacy provided **liability insurance** coverage to the El Legado Golf Resort and/or constantly refers to **Real Legacy and its insureds, within the liability context of Real Legacy's insurance policy**. (See Docket No. 42, page 4 paragraph 17; page 5 paragraph 21; page 6 paragraph 32; page 8 paragraphs 33, 34, 36, 37; page 9 paragraphs 38, 41, 42; page 10 paragraph 43).

Plaintiff is simply trying to make the certified true copy of Real Legacy insurance policy's genuineness appear as disputed, only to get this Honorable Court to convert Real Legacy's motion to dismiss into a motion for summary judgment. But in accordance with *Valle-Colón,* being Real Legacy's insurance policy coverage sufficiently referred to in the First Amended Complaint's allegations, this Honorable Court should not convert Real Legacy's motion to dismiss to a motion for summary judgment.

Real Legacy has afforded plaintiff enough certified information, from which the lack of coverage becomes obvious. Plaintiff just wants to prolong the instant case, requesting this Honorable Court additional unnecessary discovery.

Plaintiff filed the instant case since 3/30/2011, a year ago, but still has not complied with serving Real Legacy with process. As a matter of fact, plaintiff tried to get this Honorable Court to enter default judgment upon certain named defendants, thinking obviously to eventually present Real Legacy the judgment and have it against the wall. But Real Legacy is not a "defendant" in the instant case, but an "interested party". (See Docket). Real Legacy has filed several motions without submitting to this Honorable Court's jurisdiction, but has not been served with process at any time. This Honorable Court has recognized the fact that "Real Legacy has not been properly served". ( See Docket No. 38).

> "ORDER noting 36 Motion In Compliance. As Real Legacy has not been
> properly served, the Court hereby sets aside its Order of January 11, 2012

9.

    34 and relieves Real Legacy of the obligation to answer or otherwise plea. IT IS SO ORDERED. Signed by Judge Daniel R. Dominguez on 1/18/2012. (JD) (Entered: 01/18/2012)".

 WHEREFORE, it is respectfully requested from this Honorable Court, to deny plaintiff's motion at Docket 54 and grant Real Legacy's Motion To Dismiss at Docket No. 49; Real Legacy very respectfully requests that this Honorable Court sets aside the Initial Scheduling Conference set for 4/16/2012, until the dismissal issue is finally resolved.

 RESPECTFULLY SUBMITTED.

 In San Juan, Puerto Rico this 24th day of March, 2012.

        *S/Ernesto R. Irizarry*
        **ERNESTO R. IRIZARRY**
        USDC-PR   No. 126702
        Attorney for
        REAL LEGACY ASSURANCE COMPANY, INC.
        **E R N E S T O  R .  I R I Z A R R Y**
        **A t t o r n e y s  A t  L a w**
        **Capital Center South Tower Suite 702**
        P. O. Box  363331
        San Juan, P. R. 00936-3331
        Tel. (787)  771-0200
        Fax  (787)  767-0708
        e-mail: erilaw@prtc.net / lawfirm@prtc.net

### CERTIFICATE OF SERVICE

 I HEREBY CERTIFY that on this same date a true and exact copy of the foregoing has been filed electronically with the Clerk of the Court via CM/ECF system which will send notification of such filing via e-mail to all the attorneys of record.

        *S/Ernesto R. Irizarry*
        **ERNESTO R. IRIZARRY**