UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **GREAT NORTHERN INSURANCE COMPANY,** as subrogee of Juan A. Rodriguez Vila and Iwalani Rodriguez<br><br>  Plaintiff<br><br>  v.<br><br>**EL LEGADO PROPERTY MANAGEMENT COMPANY, INC.**<br><br>  and<br><br>**EL LEGADO DE CHI CHI RODRIGUEZ GOLF RESORT, INC.**<br><br>  and<br><br>**EL LEGADO DE CHI CHI RODRIGUEZ GOLF RESORT, (SC) SE**<br><br>  and<br><br>**EL LEGADO HOMEOWNER'S ASSOCIATION, INC.,**<br>and **EL LEGADO CONDOMINIUM, REGIME I**<br><br>  Defendants | Civil Action No. 11-01303-(DRD)<br><br><br><br>RE: NEGLIGENCE, BREACH OF CONTRACT, & BREACH OF WARRANTY |

INITIAL SCHEDULING CONFERENCE MEMORANDUM BY
EL LEGADO HOMEOWNERS ASSOCIATION, INC.

**TO THE HONORABLE COURT:**

COMES NOW, El Legado Homeowner's Association, Inc., through the undersigned counsel, and respectfully aver and pray as follows:

## A. FACTUAL AND LEGAL CONTENTIONS

1. El Legado Homeowners Association, Inc. (HOA) is an entity created pursuant to the Puerto Rico Condominium Law and the Master deed of El Legado de Chi Chi Rodriguez Golf Resort. It is a corporation duly registered in the Puerto Rico Department of State. Its members are the owners of villas at El Legado Golf Resort, Regimen I.

2. The HOA is managed through a Board of Directors, which are elected by the members periodically.

3. At the time of the incident of the robbery of a villa owned by Juan Rodriguez Vila and his spouse, El Legado was undergoing a proceeding of Reorganization under Chapter 11 of the Bankruptcy Code. By request of several creditors, a Chapter 11 Operating Trustee had been appointed, Mr. Wigberto Lugo Mender.

4. Mr. Lugo, through his staff, maintained and operated the Golf course and restaurant.

5. The bankruptcy estate he managed was the owner of several villas. The operating trustee, however, did not pay the maintenance fees for those villas.  Neither did Juan Rodriguez Villa, owner of several villas.

6. The HOA did not maintain insurance coverage due to lack of funds.

7. The limited funds available were used to maintain control of access to El Legado, through hired guards in the main entrance.

8. The HOA did not maintain perimeter security for the Resort.

9. The Homeowner's Association had security guards at the main entrance of the resort. These guards controlled access by car, and made rounds of the residential area.  No perimeter security was required or provided by the HOA.

10. The HOA guard duties and responsibilities were the control of vehicular access to the Resort area, and security of the common areas. They maintained a list of names and license plates of visitors. Residents with access stickers or electronic openers (beepers) are not listed.

11. The Golf Course had a separate entrance not controlled by the HOA.

12. On May 19, 2010, the guards on duty were Rosado, from 11 PM of the 18th to 6 AM on the 19th and Lao, from 6 AM on the 19th to 2 PM.

13. As per the blotter, it was Rosado who noticed the Rodriguez Vila villa had been robbed and Mr. Rodriguez and his spouse had been bound.

14. As per the entrance log, on the 19th there were seven vehicles that entered the housing area. One of these was Agent Jose Vega at 8:45 AM to visit apartment 523.

### B. PROPOSED UNCONTESTED FACTS

El Legado Homeowners Association, Inc. (HOA) is an entity created pursuant to the Puerto Rico Condominium Law and the Master deed of El Legado de Chi Chi Rodriguez Golf Resort.

It is a corporation duly registered in the Puerto Rico Department of State. Its members are the owners of villas at El Legado Golf Resort, Regimen I. Regimen I refers to the section of the development first built. Upon completion of additional buildings, the name could be amended.

The HOA is managed through a Board of Directors, which are elected by the members periodically. Upon availability of funds, it provides maintenance of common and recreational areas within Regimen I, and controls access to the resort, through the main

gate.

At the time of the incident of the robbery of a villa owned by Juan Rodriguez Vila and his spouse, El Legado was undergoing a proceeding of Reorganization under Chapter 11 of the Bankruptcy Code. By request of several creditors, a Chapter 11 Operating Trustee had been appointed, Mr. Wigberto Lugo Mender. Mr. Lugo, through his staff, maintained and operated the Golf course and restaurant. The bankruptcy estate he managed was the owner of several villas. The operating trustee, however, did not pay the maintenance fees for those villas.

During the chapter 11 proceedings, before and during the tenure of the Trustee, the HOA operated on a shoestring, and whatever little maintenance was performed at the pool and recreational areas was done on a volunteer basis free of charge by individual members and through donations from the members.

The HOA did not have the resources to maintain insurance coverage. Whatever limited funds were available, were used to maintain control of access to El Legado, through hired guards in the main entrance. The HOA did not maintain nor had the obligation to support perimeter security. To the HOA's understanding, this was the responsibility of the Chapter 11 Trustee.

All information regarding the incident was obtained through the media and general conversations within the resort. This information is to the effect that one of the persons involved in the robbery is the son of Mr. Rodriguez house keeper, to whom Mr. Rodriguez had give a copy of the key to the villa.  The persons climbed through the Golf Course fence to enter the resort. They walked to the villa area and entered the villa.  The police report of investigation and the transcript of Court proceedings should provide more detailed

information.

The Homeowner's Association had security guards at the main entrance of the resort. These guards controlled access by car. No perimeter security was required or provided by the HOA.

Their duties and responsibilities were the control of vehicular access to the Resort area. They maintained a list of names and license plates of visitors. Residents with access stickers or electronic openers (beepers) are not listed. The Golf Course had a separate entrance not controlled by the HOA.

### C. LIST OF WITNESSES AND SUMMARY OF TESTIMONY

1. Secretary of El Legado HOA. She would testify regarding the area of responsibility of the HOA regarding security, control of access through the main gate, and use of guards.

2. Pedro Rivera Casiano. He would testify regarding the area of responsibility of the HOA regarding security, control of access through the main gate, and use of guards.

3. Adrian Santiago, security guard at the main gate of El Legado on May 19, 2010.

### D. LIST OF DOCUMENTARY EVIDENCE AND SUMMARY OF EVIDENCE

1. Police Blotter for May, 2010

2. Log of vehicles entering through main gate

3. As required, HOA regulations.

### E. ITEMIZATION OF DISCOVERY

NONE by the HOA. The definitions in the interrogatories propounded by Plaintiff

have been opposed. Answers will be made disregarding the definitions.


**I HEREBY CERTIFY** that a copy of the foregoing motion was filed with the clerk of the US District Court for the District of Puerto Rico electronically using the CM/ECF system, which automatically serves notification upon counsel for the parties that have appeared in the proceeding.


San Juan, Puerto Rico, this 19th day of May 2012.

/s/CARLOS E. RODRIGUEZ QUESADA, ESQ.
USDC-PR# 124810
PO BOX 9023115
San Juan, PR 00902-3115
TEL. (787)724-2367 FAX (787)724-2463
cerqlaw@coqui.net