IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREAT NORTHERN INSURANCE
COMPANY,

Plaintiff,

v.                                              Civil No.:11-1303(DRD)

EL LEGADO PROPERTY MANAGEMENT
COMPANY, INC., et al.,

Defendants

**OPINION AND ORDER**

On May 19, 2010, Juan A. Rodriguez Vila's (more commonly known as Chi Chi Rodriguez) and Iwalani Rodriguez's residence, located within the El Legado Golf Resort and Villas in Guayama, Puerto Rico, was robbed by five to seven masked and armed individuals. As a result, Plaintiff Great Northern Insurance Company paid its insureds, the Rodriguezs, approximately $404,000 for the losses incurred from the robbery. Plaintiff brings the instant action against the Defendants alleging a failure to provide proper security services through the Golf Resort and Villas, which are all apart of a single resort complex.

**I. PROCEDURAL HISTORY**

On January 18, 2012, Plaintiff moved for a default judgment against three defendants (Docket No. 37). On the following day, Real Legacy Assurance Company opposed this motion (Docket No. 43) arguing that, in the event the Court finds that there is coverage

as to these defendants, Real Legacy would have a default against its insured.[1] On January 23, 2012, the Court held this motion in abeyance for thirty days and ordered that the parties clarified the coverage issue within that time frame (Docket No. 48).

On January 31, 2012, Real Legacy filed a motion to dismiss (Docket No. 49). Real Legacy, who issued an insurance policy to El Legado Golf Resort, asserts that this policy only covers the operations of a golf driving range, golf club, a restaurant, and a golf shop. Real Legacy also advances that "none of the named codefendants are insured in the policy issued by Real Legacy to El Legado Golf Resort." (Docket No. 49, page 2). Real Legacy submitted a certified copy of the insurance policy issued to El Legado Golf Resort, the declarations page of the policy, and an affidavit from an underwriter at Real Legacy. Accordingly, Real Legacy argues that it does not have a duty to provide a legal defense or coverage to any defendant in the present proceedings.

On March 2, 2012, Plaintiff opposed Real Legacy's motion to dismiss (Docket No. 54). Plaintiff first argues that because Real Legacy's motion to dismiss relies on materials outside of Plaintiff's pleadings, the Court should convert Real Legacy's motion to dismiss into a motion for summary judgment. After such a conversion, Plaintiff advocates that the Court should provide Plaintiff with a reasonable opportunity to conduct discovery

---

[1] Utilizing this same argument, Real Legacy filed a motion on March 20, 2012 (Docket No. 59) to set aside entries of default previously entered against other co-defendants (Docket No. 28).

pursuant to Rule 56(d) of the Federal Rules of Civil Procedure. Plaintiff avers that "there are several critical insurance materials that have not yet been provided." (Docket No. 54, page 10). Specifically, Plaintiff requests a *certified* copy of the policy or Real Legacy's entire underwriting file, which Plaintiff believes will likely contain "the insurance application, certificates of insurance, appraisals, reports, history of premium payments, and communications with El Legado Golf Resort or its insurance brokers concerning insurance, which all are critical to the evaluation of whether there is coverage in place for any of the defendants." Id.

On March 24, 2012, Real Legacy filed a reply (Docket No. 61). First, Real Legacy argues that it included a certified copy of the insurance policy as the affidavit of the underwriter stated that the policy was a "certified true copy" of the actual policy. Real Legacy also advances that Plaintiff's request to engage in further discovery is little more than a tacit to delay the present litigation. Next, Real Legacy advocates that the Court should not convert its motion into a motion for summary judgment because Real Legacy's insurance policy is sufficiently referred to in the *Amended Complaint*.[2]

On March 28, 2012, El Legado Homeowner's Association, Inc.

---

[2] Real Legacy also states that it has not been served with service of process. As Plaintiff has named Real Legacy as a defendant in the most recent complaint, the Court orders Plaintiff to complete service of process on Real Legacy within the next fifteen days.

filed an objection to Plaintiff's interrogatories and request for production.³

## II. MOTION TO DISMISS STANDARD

Federal Rule of Civil Procedure 8(a) requires plaintiffs to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). When addressing a motion to dismiss, "we accept as true all well-pleaded facts in the complaint and draw all reasonable inferences in favor of the plaintiff[]." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48-49 (1st Cir. 2009). However, under Bell Atlantic v. Twombly, 550 U.S. 544, 555 (2007), a plaintiff must "provide the grounds of his entitlement [with] more than labels and conclusions." *See* Ocasio-Hernandez v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011) ("in order to 'show' an entitlement to relief a complaint must contain enough factual material 'to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).')(quoting Twombly, 550 U.S. at 555) (citation omitted). Thus, a plaintiff must, and is now required to, present allegations that "nudge [his] claims across the line from conceivable to plausible" in order to comply with the requirements of Rule 8(a). Id. at 570; *see e.g.* Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

---

³The Court will not entertain any discovery related motions except by prior exhaustion of Local Rule 26 **(which includes a mandatory face-to-face meeting and the exchange of letters outlining the dispute after the parties have conferred in person)**.  The Court's procedure for resolving discovery disputes will be explained more fully in the upcoming Initial Scheduling Conference.

When considering a motion to dismiss, the Court's inquiry occurs in a two-step process under the current context-based "plausibility" standard established by Twombly, 550 U.S. 544, and Iqbal, 129 S.Ct. 1937. "Context based" means that a Plaintiff must allege sufficient facts that comply with the basic elements of the cause of action. *See* Iqbal, 129 S.Ct. at 1949-1950 (concluding that plaintiff's complaint was factually insufficient to substantiate the required elements of a *Bivens* claim, leaving the complaint with only conclusory statements). First, the Court must "accept as true all of the allegations contained in a complaint[,]" discarding legal conclusions, conclusory statements and factually threadbare recitals of the elements of a cause of action. Iqbal, 129 S.Ct. at 1940. "Yet we need not accept as true legal conclusions from the complaint or 'naked assertion[s]' devoid of 'further factual enhancement.'" Maldonado v. Fontanes, 568 F.3d 263, 268 (1st Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949) (quoting Twombly, 550 U.S. at 557).

Under the second step of the inquiry, the Court must determine whether, based upon all assertions that were not discarded under the first step of the inquiry, the complaint "states a plausible claim for relief." Iqbal, 129 S.Ct. at 1950. This second step is "context-specific" and requires that the Court draw from its own "judicial experience and common sense" to decide whether a plaintiff has stated a claim upon which relief may be granted, or,

conversely, whether dismissal under Rule 12(b)(6) is appropriate. <u>Id.</u>

Thus, "[i]n order to survive a motion to dismiss, [a] plaintiff must allege sufficient facts to show that he has a plausible entitlement to relief." <u>Sanchez v. Pereira-Castillo</u>, 590 F.3d 31, 41 (1st Cir. 2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not 'show[n]' 'that the pleader is entitled to relief.'" <u>Iqbal</u>, 129 S.Ct. at 1950(quoting Fed. R. Civ. P. 8(a)(2)). Furthermore, such inferences must be at least as plausible as any "obvious alternative explanation." <u>Id.</u> at 1950-51 (citing <u>Twombly</u>, 550 U.S. at 567). "A plaintiff is not entitled to 'proceed perforce' by virtue of allegations that merely parrot the elements of the cause of action." <u>Ocasio-Hernandez</u>, 640 F.3d at 12, (citing <u>Iqbal</u>, 129 S.Ct. at 1950).

The First Circuit has cautioned against equating plausibility with an analysis of the likely success on the merits, affirming that the plausibility standard assumes "pleaded facts to be true and read in a plaintiff's favor" "even if seemingly incredible." <u>Sepúlveda-Villarini v. Dep't of Educ. of P.R.</u>, 628 F.3d 25, 30 (1st Cir. 2010) (citing <u>Twombly</u>, 550 U.S. at 556); <u>Ocasio-Hernandez</u>, 640 F.3d at 12 (citing <u>Iqbal</u>, 129 S.Ct. at 1950); *see* <u>Twombly</u>, 550 U.S. at 556 ("[A] well-pleaded complaint may proceed even if it appears that a recovery is very remote and unlikely.")(internal quotation

marks omitted); see Ocasio-Hernandez, 640 F.3d at 12 (citing Twombly, 550 U.S. at 556)("[T]he court may not disregard properly pled factual allegations, 'even if it strikes a savvy judge that actual proof of those facts is improbable.'"). Instead, the First Circuit has emphasized that "[t]he make-or-break standard . . . is that the combined allegations, taken as true, must state a plausible, [but] not a merely conceivable, case for relief." Sepúlveda-Villarini, 628 F.3d at 29.

However, a complaint that rests on "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" will likely not survive a motion to dismiss. Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996); Sánchez v. United States, 2012 U.S. App. LEXIS 2901, at *14 (1st Cir. 2012)("we must credit the plaintiff's well-pled factual allegations and draw all reasonable inferences in the plaintiff's favor.")(internal quotations omitted).[4] Similarly, unadorned factual assertions as to the elements of the cause of action are inadequate as well. Penalbert-Rosa v. Fortuno-Burset, 631 F.3d 592 (1st Cir. 2011). "Specific information, even if not in the form of admissible evidence, would likely be enough at [the motion to dismiss] stage; pure speculation is not." Id. at 596; see Iqbal, 129 S.Ct. at 1951 ("To be clear, we do not reject [] bald allegations on the ground

---

[4]Although the First Circuit was analyzing a Rule 12(b)(1) motion in Sánchez and the present inquiry is under Rule 12(b)(6), "[t]he same standard applies to both subsections." Roman-Oliveras v. Puerto Rico Elec. Power Auth., 655 F.3d 43, 45 n.3 (1st Cir. 2011).

that they are unrealistic or nonsensical. . . . It is the conclusory nature of [the] allegations, rather than their extravagantly fanciful nature, that disentitles them to the presumption of truth."); *see* <u>Mendez Internet Mgmt. Servs. v. Banco Santander de P.R.</u>, 621 F.3d 10, 14 (1st Cir. 2010) (The <u>Twombly</u> and <u>Iqbal</u> standards require District Courts to "screen[] out rhetoric masquerading as litigation.").

### **III. ANALYSIS**

The issues presented in the relevant pleadings are in fact much simpler to resolve than the parties have insinuated from their briefs. Plaintiff alleges that due to Defendants' inadequate security procedures and precautions, a robbery occurred. The Court finds that Plaintiff's premise plausibly survives the aforementioned <u>Twombly/Iqbal</u> pleading standard. The Court acknowledges Real Legacy's assertions that it does not insure the actual premises of the robbery, the Rodriguez's personal home or the villas of El Legado. The Court also acknowledges Real Legacy's contention that El Legado Golf Resort, the entity to whom Real Legacy does have an insurance policy with, is not named as a defendant in the present action. However, El Legado Golf Resort surrounds and envelops the Rodriguez's home and the villas of El Legado. Thus, giving credence to Plaintiff's assertions that there was inadequate security on the surrounding golf course, which caused the loss to Plaintiff's insureds or enhanced the danger to Plaintiff's insureds, as we must at the motion to dismiss phase,

Plaintiff has plausibly demonstrated that Real Legacy may bear some liability.

Moreover, Plaintiff avers, and the Court finds credible, that "Plaintiff has actually alleged claims against El Legado Golf Resort and the two legal entities that own and operate the Golf Resort."[5] (Docket No. 54, pages 8-9).  Thus, rather than grant Real Legacy's motion to dismiss, the Court hereby grants Plaintiff ten days to amend their pleadings to formally bring El Legado Golf Resort as a defendant in the instant action.

As the Court did not base its analysis on any extrinsic evidence included in Real Legacy's motion to dismiss, the Court finds that there is no need to convert the motion to dismiss into a motion for summary judgment or to authorize discovery pursuant to Rule 56(d).  *See* <u>Trans-Spec Truck Serv., Inc v. Caterpillar Inc.</u>, 524 F.3d 315, 321 (1st Cir. 2009)("At the discretion of the district court, a motion to dismiss may be converted to a motion for summary judgment if the court chooses to consider materials outside the pleadings in making its ruling.")(citing Fed. R. Civ. P. 12(d)); *see also* <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 17 (1st Cir. 1998) ("the conversion of a Rule 12(b)(6) motion into a Rule 56 motion is a matter quintessentially within the purview of the district court's sound discretion.").

---

[5] Plaintiff includes El Legado de Chi Chi Rodriguez Golf Resort, Inc. as a co-defendant alleging that this entity is "the golf resort and management company for the El Legado Golf Resort and its associated residences" as well as co-defendant El Legado de Chi Chi Rodriguez Golf Resort, (SC) SE alleging that this entity is "a special partnership" that was "engaged in business as the golf resort at the El Legado Resort."

### **IV. CONCLUSION**

For the reasons stated above, the Court hereby **DENIES** the pending motion to dismiss (Docket No. 49). Further, as the instant *Opinion and Order* will likely affect whether additional defendants appear in the instant proceedings, the Court will, again, hold in abeyance for thirty days Plaintiff's motion for a default judgment (Docket No. 37) and Real Legacy's motion to set aside previously entered entries of default (Docket No. 59).

**IT IS SO ORDERED.**

In San Juan, Puerto Rico this 20th day of April, 2012.

/S/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge