UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

GREAT NORTHERN INSURANCE CO.        CIVIL NO. 11-1303 (DRD)
As subrogee of Juan A. Rodriguez Vila and
Iwalani Rodriguez

Plaintiff

Vs.

EL LEGADO PROPERTY MANAGEMENT      Re: NEGLIGENCE, BREACH
COMPANY, INC.; EL LEGADO DE CHI CHI          CONTRACT, & BREACH
RODRIGUEZ GOLF RESORT, INC.;                OF WARRANTY
EL LEGADO DE CHI CHI RODRIGUEZ
GOLF RESORT, (SC) SE; EL LEGADO
HOMEOWNER'S ASSOCIATION, INC, and
EL LEGADO CONDOMINIUM, REGIME I

Codefendants
_____

**REAL LEGACY'S ISC MEMORANDUM**

TO THE HONORABLE COURT:

      COMES NOW REAL LEGACY ASSURANCE COMPANY, INC., through the

undersigned attorney and pursuant to Local Rule 16 and Fed. R. Civ. P. 16, and in

accordance with the Case Management Order entered by this Honorable Court, submits

its Initial Scheduling Memorandum:

    **I.  FACTUAL AND LEGAL CONTENTIONS:**

    Plaintiff filed a First Amended Complaint in the case at bar, in which it alleges:

        "1. This is a lawsuit arising out of a theft of personal property of
        Plaintiff Great Northern Insurance Company's (hereinafter "Great
        Northern") insureds, Juan A. (Chi Chi) Rodriguez Vilá and Iwalani
        Rodriguez. As more fully alleged below, on May 19, 2010, Plaintiff
        Great Northern's insureds, Juan A. (Chi Chi) Rodriguez Vilá and
        Iwalani Rodriguez (hereinafter "Insureds"), **were robbed in their**

2.

        **residence** at the El Legado Golf Resort in Guayama, Puerto Rico by five (5) to seven (7) armed and masked individuals (hereinafter "the Robbery"). The inadequate and improper security provided by Defendants allowed the Robbery to occur and resulted in Plaintiff Great Northern paying its Insureds $404,000.00 for losses from the theft of various items of jewelry during the Robbery".
.
.

        20. At all times material hereto, Defendants El Legado Property Management Company, Inc., El Legado de Chi Chi Rodriguez Golf Resort, Inc., El Legado de Chi Chi Rodriguez Golf Resort (SC) SE, and El Legado Homeowners Association, and El Legado Condominium, Regime I (herein collectively "Defendant El Legado") **provided security services** and/or voluntarily assumed the responsibility for providing security services for the Resort and the Property by employing a security guard". (Emphasis added).

Plaintiff seeks compensation from the named defendants, mentioned in paragraph 20 of the Amended Complaint, for their alleged negligence in relation to the security issues involved in the robbery perpetrated at Mr. Chi Chi Rodriguez's residence. The residences or villas where the robbery took place are not insured locations under Real Legacy's policy.

Real Legacy Assurance Company, Inc. has performed a search in its Underwriting Department and the results are that none of the named codefendants are insured in the policy issued by Real Legacy to El Legado Golf Resort.  Furthermore, the policy issued by Real Legacy is addressed to cover only the operations of a Golf Driving Range, Golf Club, Restaurant and Golf Store.  The policy does not cover the allegations contained in the First Amended Complaint.

Real Legacy provided all parties with a certified copy of the Policy No. CPP2304E issued in the name of El Legado Golf Resort for the period from 03/17/2010

3.

to 3/17/2011.  Under extended named insureds, the Policy includes "Home Of Chi Chi Rodriguez", because this is how the El Legado Golf Resort was also known.  Real Legacy also provided all parties, the internet promotion for El Legado Golf Resort in its site in the internet, and copy of its logo which reads: "Home Of Chi Chi Rodriguez".

The Declarations Page of Policy No. CPP2304E, issued in the name of El Legado Golf Resort, specifically state:

"LOCATION CLASSIFICATION CODE …

1 Golf Driving Ranges 44071

1 Clubs - Country or Golf 11138

1 Restaurants - with no sale of alcoholic beverages 16814

1 stores - no food or drink - 18437"

Note: Code 16814 was changed to 16816, for "restaurant with sale of alcoholic beverages".  Real Legacy also provided to plaintiff the pertinent pages of the Declarations Manual used by the insurance company to classify the secured risk. These pages specifically match with code numbers the classifications of the insured locations specified at the Declarations Page.

There is obviously no coverage in the policy issued by Real Legacy Assurance Company for any of the named defendants, neither for the allegations contained in the complaint.  Real Legacy also provided to all parties, an affidavit subscribed by Ms. Glorianna Alvarez Vicente, Real Legacy Assurance Company, Inc.'s Commercial Lines Underwriter, which verifies under oath the aforementioned.

4.

## COVERAGE AND LEGAL DEFENSE

In *Dominguez Vargas v. Great American Life Insurance Co. P.R., Inc.,* 2002 JTS 110, Puerto Rico`s Supreme Court resolved that exclusionary clauses in the insurance contract, are not ordinarily favored by the courts, reason why they should be restrictively interpreted in favor of the insured. *Quiñoñes López v. Manzano Pozas*, 141 D.P.R. 139 (1996); *Rivera v. Insurance Co. of P.R.*, 103 D.P.R. 91 (1974). But this does not mean that all of the exclusionary clauses should be interpreted in favor of the insured. Certainly, an exclusionary clause which is clear and free of ambiguities which favors the insurer, should be considered binding for the insured. In these cases, the courts shall not give these clauses an interpretation which would contravene the clear will and intention of the parties to include such an exclusionary clause in their contract.  *Quiñoñes López v. Manzano Pozas*, supra.

Even when the insurer unilaterally drafts the insurance contract, this fact should not be interpreted to be necessarily against the interests of the insured, since the policy models used in Puerto Rico are regulated by our Insurance Code and its regulations. *R. Cruz, Insurance Law*, JTS Publishings, 1999, Sec. 14.1 p 167. There is no doubt that the insurance policies sold in Puerto Rico are usually based upon the policy models sold by the American insurance companies. *Quiñoñes López v. Manzano Pozas*, supra; *Guerrido García v. U.C.B.,* 143 D.P.R. 337; *Meléndez Piñero v. Levitt & Sons of P.R.,* 129 D.P.R. 521 (1991). "In this sense, this jurisdiction has not discarded the interpretation of these insurance policies under the angloamerican law, although without discarding at the same time their interpretation under the Civil Law". *Guerrido García v. U.C.B.*, supra.

5.

In *Martinez Pérez v. Universidad Central de Bayamón, Inc. v. American International Insurance Co. of Puerto Rico*, 96 JTS 98, the Supreme Court ruled in favor of American International, citing the case of *PFZ Properties, Inc. v. General Accident Insurance Company P.R. Ltd.*, 94 JTS 116, which states as follows:

> " The courts have consistently resolved that the duty to offer legal defense to insured is even more extensive than the obligation to indemnify, when the damages seek are covered by an insurance policy. *Pagán Caraballo v. Silva*, supra, pages 111-113; *Vega v. Pepsi Cola Bot. Co*., 118 D.P.R. 661, 668 (1987). The duty of the insurer to provide legal defense exists, under some circumstances, even when the insurer is not liable for the damages caused by insured to a third party....Any doubt about the fact that there is a duty to provide legal defense in a particular case, should be resolved in favor of the insured. This obligation subsists even if the action is frivolous, false or fraudulent".

The duty of the insurer to provide legal defense will be binding when from a liberal interpretation of the allegations results the possibility that the insured is covered by the policy, notwithstanding the final determination of the case.  Nevertheless, *if the allegations clearly exclude the damages seek from the coverage of the policy, then the insurer shall not be imposed the duty of providing legal defense*". (Emphasis noted). Reconfirmed in *Aguilar Pérez v. Universal Insurance Company*, 2004 DTS 143. (Case in which Royal Insurance was also brought in a cross-claim by insured).

In *PFZ Properties*, the Supreme Court cites the case of *Quiñones López et al v. Manzano Pozas et al*, supra, in which the Court resolved that:

> "When the terms, conditions and exclusions of an insurance contract which is law between the parties are clear, specific and do not comprise any ambiguities or different interpretations, the same should prevail in accordance with the intention of the contracting parties. In the absence of any ambiguity, the clauses of the contract are binding to the parties". (Emphasis noted).

6.

In *Aguilar Pérez v. Universal Insurance Company*, 2004 DTS 143, the Supreme Court citing the case of *PFZ Properties*, reaffirmed the principle established in relation to the duty of insurers to provide legal defense to insured, and it states as follows:

> "When the complaint comprises allegations which are covered by the policy and others which are not, the duty of the insurer is to provide defense to insured, even over the ones not covered. The duty to provide defense do not cease before allegations which are not perfect. Any doubt should be resolved in favor of the insured.
>
> *PFZ Properties, Inc. v. General Accident Insurance Co*, supra; *Pagán Caraballo v. Silva Ortiz*, supra; *Barreras v. Santana*, supra. Nevertheless, *a claim which is clearly excluded from the coverage of the policy, does not become a covered risk by way of allegations designed to fit the language of the policy.*
>
> The courts shall examine on a case by case basis the allegations or claims for damages made by the insured or by plaintiffs, and they shall be compared with the terms and conditions of the insurance contract in each specific case, to determine the insurer`s duty to provide legal defense to insured".

In the case at bar, Real Legacy Assurance issued a Commercial General Liability insurance policy, which **clearly and without any ambiguities excludes from coverage all of the allegations of the complaint.** When the "terms, conditions and exclusions...between the parties are clear, specific and do not comprise any ambiguities or different interpretations...the same should prevail in accordance with the intention of the contracting parties. In absence of any ambiguity, the clauses of the contract are binding to the parties". *Quiñones López et al v. Manzano Pozas et al,* supra. (Emphasis noted).

*Martinez Pérez v. Universidad Central de Bayamón, Inc. v. American International Insurance Co. of Puerto Rico*, supra, reaffirmed the established principle

7.

that "The duty of the insurer to provide legal defense will be binding when from a liberal interpretation of the allegations results the possibility that the insured be covered by the policy, notwithstanding the final determination of the case. Nevertheless, *if the allegations clearly exclude the damages seek from the coverage of the policy, then the insurer shall not be imposed the duty of providing legal defense".* (Emphasis noted). Reconfirmed in *Aguilar Pérez v. Universal Insurance Company*, supra.

Thus, we have to conclude that in accordance with the above-cited Puerto Rico Supreme Court jurisprudence, the allegations comprised in the complaint of the case at bar are definitely excluded from coverage under the Commercial General Liability insurance issued by Real Legacy Assurance Company, Inc.  In accordance with the above-cited jurisprudence, Real Legacy does not have the duty to provide legal defense nor coverage in this case.

## NEGLIGENCE APPLICABLE LAW

Articles 1802 and 1803 of Puerto Rico`s Civil Code, as well as the jurisprudence interpreting this articles, and the requirements established by our Supreme Court to prove a liability case.  In other words, adequate causal relation between the negligent act or omission and the alleged damages, and specially those cases where the local Supreme Court has applied the contributory negligence doctrine: Maldonado v. Interamerican University, 104 D.P. R. 420 (1975);  *Torres Pérez v. Medina Torres*, 113 D.P.R. 72 (1982); *Rivera v. Supermercado Amigo*, 106 D.P.R. 657 (1977); *Quintana Martinez v. Valentín*, 99 D.P.R. 255 (1970); *Del Toro v. Gobierno de la Capital*, 93 D.P.R. 481 (1966); *Marín v. Gobierno de la Capital*, 89 D.P.R. 448 (1963); *Cotto v. Hilton Hotels*,

8.

79 D.P.R. 523 (1956); *Viñas v. Pueblo Supermarkets*, 86 D.P.R. 33 (1962; *Texidor v.*

*Administración de Parques y Recreo*, 85 D.P.R. 877 (1962); Gutiérrez v Bahr, 78 D.P.R.

473; *Muñoz v. Fabián & Company*, 71 D.P.R. 485 (1950).

     In tort cases applies the *reasonably prudent person standard.  López v. Nutimix,*

27 F. Supp. 2nd 292 (1998).

     Plaintiffs would have to prove in this case, that the defendants had a duty of care

established by the jurisprudence and that it did not exercise the due care.

     The mere fact that an accident may occur, does not raise an inference of

negligence.  Plaintiffs would have to prove that a damage occurred, the existence of a

negligent act or omission, and the causation relation between the two.  *Admor. F.S.E. v.*

*Almacén Ramón Rosa*, 151 D.P.R. __ (2000); TSPR 2000-111 (06/30/00): *Santini Rivera*

*v. Service Air, Inc.,* 137 D.P.R. 1 (1994); *Sociedad de Gananciales v. G. Padín Co., Inc.;*

*Pérez Escobar v. Collado*, 90 D.P.R. 806 (1964); *Hernández v. Fournier*, 80 D.P.R. 93

(1957).

     To determine if defendants are liable or not for their allegedly negligent acts or

omissions, the *criteria or standard* to be considered will be the existence or not of a legal

duty to act on defendants` part, and if the damage would have been avoided if defendant

had acted.  *Arroyo López v. ELA*, 90 JTS 101.  The same *standard or criteria* is

considered to determine if plaintiffs' and/or **Mr. Chi Chi Rodriguez and his wife**

**Iwalani's** negligent acts or omissions breached their duty to act and if the damage would

have been avoided if they had acted.

     The foreseeable damages doctrine is the base of the extra-contractual liability.

9.

Nevertheless, the doctrine does not impose defendants the obligation to foresee all possible risks that could be conceived in a specific situation, like the one object of this action. The duty to foresee the damages does not extend to every possible conceivable damage that could threaten plaintiff`s security, but only to the damages which are probable to occur and that would suggest its anticipation to a prudent and reasonable person. *Rivera Pérez v. Cruz Corchado*, 119 D.P.R. 8 (1987); *Dworkin v. San Juan Intercontinental Hotel Corp.*, 91 D.P.R. 584 (1964); *Hernández v. Gob. de la Capital*, 81 D.P.R. 1031 (1960).

The rule of anticipating the risk is not limited so that the specific risk, or its exact consequences should have been foreseen by defendants, but what is essential is that there should be a legal duty to foresee, in general terms, the specific consequences of their acts. *Ginés Meléndez v. Autoridad de Acueductos*, 86 D.P.R. 518 (1962).

Defendants are under no obligation to indemnify plaintiffs for events that were not foreseeable, or for events that even when foreseeable were inevitable. *Salvá Matos v. A Díaz Const. Corp.*, 95 D.P.R. 902 (1968).

"The doctrine of unavoidable or inevitable accident relieves a person of liability, so long as the person invoking the doctrine shows that he was in no blame for the happening". *Seals v. Morris,* 410 So.2d. 715 (La. 1981). See also *Nalle v. State Farm Fire & Cas. Co.,* 97-441 (La. App. 3d Cir. 10/8/97), *Welch v. State, Dept. of Transportation and Development,* 93-1134 (La. App. 3d Cir. 5/4/94), and *Payne v. Guidry,* 576 So. 2d. 591 (La. App. 4th Cir. 1991).

Even though contributory negligence might be present, the defense of a *sudden*

10.

*unexpected emergency* can be raised, when defendant has acted as a reasonable and

prudent person under a sudden emergency scenario.   *Velázquez v. Ponce Asphalt,* 113 D.

P. R. 39 (1982).

## II. PROPOSED UNCONTESTED FACTS

1.      A theft occurred at the villa or residence occupied by Mr. Chi Chi

Rodriguez and his wife Iwalani.

2.      The residences or villas are not insured locations under the policy issued

by Real Legacy in the name of the El Legado Golf Resort

3.      There is no coverage under Real Legacy's insurance policy as to any of

the named defendants.

4.      There is no coverage as to any of the allegations contained in the

complaint

5.      The Declarations Page of Policy No. CPP2304E, issued in the name of El

Legado Golf Resort, specifically state:

"LOCATION CLASSIFICATION CODE …

1 Golf Driving Ranges 44071

1 Clubs - Country or Golf 11138

1 Restaurants - with no sale of alcoholic beverages 16814

1 stores - no food or drink - 18437"

4.      Real Legacy policy's pertinent pages of the Declarations Manual used by

the insurance company to classify the secured risk, specifically match with the code

numbers of the classifications of the insured locations specified at the Declarations Page.

11.

## III. LIST OF POSSIBLE FACT WITNESSES

A)   Mr. Sheila De León
     Former Subscription Manager
     Real Legacy Assurance Company, Inc.

B)   Juan Antonio (Chi-Chi) Rodriguez
     Iwalani Rodriguez
     Insureds

C)   DeLuca Jewelers & Manufacturers
     Jewelry appraisal

D)   María Morales
     Assistant to Mr. Rodriguez

E)   Alicia Donald
     Chi Chi Rodriguez Management Group

F)   Wanda Reyes
      Administrator El Legado Golf Resort

G)   Pedro Rivera Casiano, President
     Beatriz Rodriguez, Vice President
     Tomás Pérez, Treasurer
     Cond. Association for El Legado Resort

H)   Wanda Bonín
      Former President
      Cond. Association for El Legado Resort

I)   Francisco (Paquito) Moreno
     Condominium Insurance Broker

J)   Tony Pérez, President
     Fulcro Insurance
     Insurance Broker for Condominium

K)   Alvaro Calderón & Sons
     Previous Brokers for El Legado Resort
     - Sold business to Humberto Torres

L)   Humberto Torres

12.

> Angel Torres
> Transamerican Insurance
> Former Brokers for El Legado Resort

M)   Wigberto Lugo, Esq.
     Centro Internacional de Mercadeo
     Former Bankruptcy Trustee handling assets
     for El Legado Resort

N)   Jorge L. Gerena Méndez, Esq.
     Gerena Law Office
     Attorney handling Bancruptcy
     for El Legado Resort

O)   Insurance Agent
     who filed the application for the
     policy issued by Real Legacy
     in the name of El Legado Golf Resort

**EXPERT WITNESSES:**

Real Legacy will most probably retain Mr. Carlos Garrett as its negligence expert,

and reserves the right to retain a security expert, any other experts as need arises.

## IV. DOCUMENTARY EVIDENCE

1.   Policy No. CPP2304E issued in the name of El Legado Golf Resort for the
     period  from 03/17/2010 to 3/17/2011

2.   Real Legacy will supplement its documentary evidence, as the discovery
     of facts unfolds.

3.   Real Legacy reserves the right to present in evidence any documentary
     evidence presented by any and all other parties

## V. PROPOSED DISCOVERY PLAN

Real Legacy has proposed the following discovery plan:

A.   1)   Discovery will be needed on the following subjects:

              a)   Negligence Issues related to the theft perpetrated in a villa

13.

or residence at El Legado Golf Resort;

b)      Damage Issues relating to the nature and extent of

Plaintiff's damages; and

c)      Causation as to negligence and damages seek

d)      Insurance Coverage for Plaintiff's claims

2)      Fact discovery to be completed by **October 31, 2012**.

3)      Maximum of 25 interrogatories by each party to any other party.

4)      The parties shall exchange Interrogatories and Requests for

Production of Documents by **May 31, 2012**.

5)      The parties will join any additional defendants or third party

defendants by **July 31, 2012**.

6)      Depositions to fact witnesses to be taken by **August 31, 2012**

7)      Plaintiff will produce its experts' reports by **August 31, 2012**

8)      Follow-up and/or interrogatories related to expert witnesses if

needed to be served on or before **September 30**.

9)      Defendants will produce their experts' reports by **November 30,**

**2012**.

10)     Expert depositions will be completed by **January 30, 2013**.

11)     Real Legacy reserves the right to take the depositions of any and

all witnesses named in plaintiff's list of fact witnesses, as well as of any other party in the

case.  Also as to any expert witnesses that plaintiff or any other party might retain in the

instant case.

14.

12) Dispositive motions, including motions for summary judgment to be filed by **March 28, 2013**.

13) Pretrial and Settlement Conference for **May 18, 2013**.

14) The parties reserve the right to request additional discovery subject to the results of the discovery to be conducted.

## VI. NOTICE OF COMPLIANCE WITH FED. R. CIV. P. 26(a)(1)

Real Legacy Assurance Company complied with the Rule 26 (a)(1) initial disclosures.

## VII. THIRD PARTIES INSURANCE COMPANIES

Real Legacy is circulating the risk object of the instant case through the Insurance Commissioner's Office, since we believe there are other insurance companies covering this risk.

## VIII. PENDING MATTERS

Plaintiff amended the complaint on 1/19/2012 to name Real Legacy Assurance Company, Inc. as defendant.  (See Docket No. 42).  Nevertheless, Real Legacy has not been served with process in the instant case.

Real Legacy exposed in its motion in compliance with order at docket 34, that it has appeared before this Honorable Court without submitting to its jurisdiction.  And it stated that "Real Legacy has neither been served with process in any way".  (See Docket No. 36, at page 3, paragraph 7).

This Honorable Court agreed with Real Legacy, as to the fact that there has not been any service with process upon it:

15.

> "ORDER noting <u>36</u> Motion In Compliance. As <u>Real Legacy has not been</u> <u>properly served</u>, the Court hereby sets aside its Order of January 11, 2012 <u>34 and relieves Real Legacy of the obligation to answer or otherwise plea</u>.
>
> IT IS SO ORDERED. Signed by Judge Daniel R. Dominguez on 1/18/2012. (JD) (Entered: 01/18/2012)
> (See Docket No. 38).  (Emphasis added).

This Honorable Court relieved Real Legacy from answering the complaint in the instant case.

In its Opinion and Order issued on 4/20/2012 (See Docket No. 70), this Honorable Court denied the motion to dismiss filed By Real Legacy at Docket No. 49, and <u>ordered</u> <u>plaintiff to amend its First Amended Complaint in 10 days and "to complete</u> <u>service of process on Real Legacy within the next fifteen days"</u>.

Although Real Legacy is 100% sure that there is no coverage for the allegations in the instant case, neither for the named defendants, it very respectfully **requests the Court to hold in abeyance the default judgment requested by plaintiff upon certain named defendants (See Docket No. 37 and 43), until discovery is completed in the instant case.**

In its ISC Memorandum Plaintiff states that it served Interrogatories and Request For Production of Documents  Real Legacy received an interrogatory "DIRECTED TO DEFENDANTS EL LEGADO HOMEOWNERS ASSOCIATION AND EL LEGADO CONDOMINIUM REGIME I", whom are not covered by Real Legacy's insurance policy.  **Real Legacy immediately sent Plaintiff an email stating that it had not agreed to start written discovery, since Real Legacy had not even been served with process in the case and was not a "defendant" in the case.**

16.

## IX. RESERVATION OF RIGHT TO AMEND ISC MEMORANDUM

Real Legacy reserves the right to request amendments to its theory of facts and/or law in its ISC Memorandum as needed, in accordance with its ongoing investigation of facts and its <u>Answer to Second Amended Complaint</u> to be filed after plaintiff amends its complaint.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico this 22nd day of April, 2012.


*S/Ernesto R. Irizarry*
**ERNESTO R. IRIZARRY**
USDC-PR   No. 126702
Attorney for
REAL LEGACY ASSURANCE
COMPANY, INC.
**E R N E S T O  R.  I R I Z A R R Y**
**A t t o r n e y s  A t  L a w**
**Capital Center South Tower Suite 702**
P. O. Box  363331
San Juan, P. R. 00936-3331
Tel. (787) 771-0200
Fax  (787) 767-0708
e-mail: erilaw@prtc.net / lawfirm@prtc.net
http://www.ernestoririzarryattorneys.com/


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this same date a true and exact copy of the foregoing has been filed electronically with the Clerk of the Court via CM/ECF system

17.

which will send notification of such filing via e-mail to all the attorneys of record.


*S/Ernesto R. Irizarry*
**ERNESTO R. IRIZARRY**