UNITED STATES COURT FOR THE DISTRICT OF PUERTO RICO
BEFORE HONORABLE DANIEL R. DOMÍNGUEZ

**MINUTES OF PROCEEDINGS**  **DATE: April 24, 2012**
**CIVIL NO.: 11-1303 (DRD)**  **Began: 3:50 PM**
LAW CLERK: Jonathan Drucker  **Ended: 4:20 PM**
=================================================================================

**Great Northern Insurance Company,**
Plaintiff                                          Represented by: Roberto Abesada-Aguet
                                                   & Joseph F. Rich[1]

v.

**El Legado Property Management
Company, Inc., et al.,**
Defendants                                         Represented by: Ernesto R. Irizarry for
                                                   Real Legacy Assurance Company, Inc.
=================================================================================

An **Initial Scheduling Conference** was held today. The Conference began at 3:50 PM and ended at 4:20 PM. At the outset of the Conference, Plaintiff argued that Real Legacy had voluntary submitted to the Court's jurisdiction and thus waived formal service of process. Hence, Plaintiff argued that Plaintiff should not have to complete service of process on Real Legacy as ordered by the Court in its April 20, 2012 *Opinion and Order* (Docket No. 70, page 3, footnote 2). The Court was persuaded by this argument and thus set aside its requirement for Plaintiff to service Real Legacy as stated in the prior *Opinion and Order*. The Court also granted Real Legacy until Thursday, May 24, 2012 to answer the most recent complaint.

In the same *Opinion and Order*, the Court granted Plaintiff ten days to amend their pleadings to formally bring El Legado Golf Resort as a defendant in the instant action. Plaintiff argued it was unnecessary to bring El Legado Golf Resort as a defendant as that is a commercial name and not a legal entity. Plaintiff further asserted that all of the correct entities have been served in the instant matter. The Court stated that it was Plaintiff's option whether or not to utilize the leave that the Court had provided.

The Court noted, with considerable dismay, that little progress has been made on the coverage issue.[2] Real Legacy argued that under Puerto Rico condominium law, the condominium association is

---

[1] Attorney Rich appeared at the instant conference remotely via telephone.

[2] On January 23, 2012, the Court "urge[d] all parties to diligently work to advance the instant proceedings in an orderly and timely fashion." (Docket No. 46). On the same date, the Court also granted the parties thirties days "to further clarify the coverage issue." (Docket No. 48). Real Legacy seemed to interpret the Court's directive

responsible for, and thus liable for, security as conceded by the condominium association in their ISC memorandum. Real Legacy also asserted that they insure just the golf driving range, a golf pro-shop and a restaurant on the resort premises, but not the golf course itself.

Plaintiff argued that it was hard to fathom that the driving range, but not the golf course was insured by Real Legacy. Additionally, Plaintiff advanced that there was evidence that the robbers climbed over a fence near the golf clubhouse and that the guard who the robbers tied up was employed by the golf course. Hence, Plaintiff argued that these facts support liability against Real Legacy and should be further clarified during discovery.

The Court, again, ordered that the coverage issue be resolved within the next thirty days. To that end, Real Legacy agreed to *promptly* provide Plaintiff with a certified copy of their entire underwriting file relating to any and all properties and structures insured by Real Legacy within the El Legado Golf Resort and Villas complex in Guayama, Puerto Rico. On the basis of that disclosure, Plaintiff will decide whether or not it believes that there is coverage. If Plaintiff concludes in the negative, then Plaintiff agreed to immediately move to voluntarily dismiss Real Legacy with prejudice. However, if Plaintiff concludes in the affirmative, then the parties should prepare to engage in formal discovery.

The Court set a further **Initial Scheduling Conference** for **Tuesday, June 12, 2012 at 4:30 PM in Judge Domínguez's Chambers in OLD SAN JUAN** where the Court will set additional case management deadlines as appropriate.[3]

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 24th day of April, 2012.

/s/ DANIEL R. DOMÍNGUEZ

DANIEL R. DOMÍNGUEZ
U.S. District Judge

---

to "clarify the coverage issue" to mean for them to file a motion to dismiss for the Court to so clarify the issue. On January 31, 2012, Real Legacy filed a motion to dismiss (Docket No. 49) asserting lack of coverage and the Court resolved this motion against Real Legacy on April 20, 2012 (Docket No. 70). Despite issuing an *Opinion and Order* on Real Legacy's averments of lack of coverage, Real Legacy proceeded to evince similar arguments in the Conference.

[3] At the close of the conference, Real Legacy provided Plaintiff with the name of their insurance agent, Mr. Luis O. Pagan.