IN THE UNITED STATED DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| GREAT NORTHERN INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>        v.<br><br>EL LEGADO PROPERTY MANAGEMENT COMPANY, INC., EL LEGADO DE CHI CHI RODRIGUEZ GOLF RESORT, INC., EL LEGADO DE CHI CHI RODRIGUEZ GOLF RESORT, (SC) SE, EL LEGADO HOMEOWNER'S ASSOCIATION, INC. and EL LEGADO CONDOMINIUM, REGIME I, and REAL LEGACY ASSURANCE COMPANY<br><br>        Defendants. | CIVIL NO.: 3:11-cv-01303 |

**PLAINTIFF'S INFORMATIVE MOTION
REGARDING STATUS OF COVERAGE ISSUE AND PRODUCTION OF
UNDERWRITING FILE BY DEFENDANT REAL LEGACY**

      Now comes Plaintiff, Great Northern Insurance Company ("Great Northern"), through its undersigned counsel, and respectfully submits this informative motion to advise this Honorable Court that despite the Court's Order of April 24, 2012 (Docket No. 73), Plaintiff has not received any underwriting documents or papers that are part of a certified copy of Defendant Real legacy's underwriting file relating to any and all properties and structures insured by Real Legacy at the El Legado Golf Report and villas.

      1.      On April 24, 2012, the Court ordered Defendant Real Legacy "to promptly provide Plaintiff with a certified copy of their entire underwriting file relating to any and all properties and structures insured by Real Legacy within the El Legado Golf Resort and villas Complex in Guayama, Puerto Rico." (Docket No. 73).

2. On May 16, 2012, Plaintiff's counsel sent a letter to counsel for Defendant Real Legacy inquiring about the status of the production of the underwriting files so that Plaintiff could evaluate the coverage issue within the Court's deadline of 30 days.

3. On May 21, 2012, defense counsel for Real Legacy responded to Plaintiff's inquiry and advised that the only documents Real Legacy had for the underwriting file were the policy, declarations pages, and manual coding pages that had been previously attached to the Motion to Dismiss. (See Docket No. 49)

4. Furthermore, on May 21, 2012, defense counsel for Real Legacy also advised Plaintiff's counsel for the first time that subpoenas were being served that day on non-party insurance agents, Luis Orlando Cardona and Rafael Rodriguez, concerning the coverage issue and that their depositions were being scheduled for May 24, 2012 in order to arrange for the production of their files within the Court's deadline.

5. Mr. Rich's wife is pregnant and the due date is May 26, 2012, and therefore Mr. Rich is unable to travel to Puerto Rico on short notice for these proposed depositions. Moreover, defendant did not previously inquire with Plaintiff's counsel to schedule a mutually convenient date or provide sufficient advance notice. These depositions appear to be last minute efforts to comply with the court's order. In fact, the issuance of a subpoena was not previously informed to the Court. However, these persons are not representatives of Real Legacy and their depositions or files would not address the critical issue of the production of Real legacy's underwriting file.

6. Real Legacy previously submitted an affidavit o Ms. Glorianna Alvarez Vicente in support of its motion to dismiss in which the affiant representative claimed to have searched the subscription file for these insureds and found that none of the defendants were named

insureds. (Docket No. 49). However, Real Legacy has produced nothing from the underwriting or subscription files, which calls into question what was searched to support the affidavit, especially since Real Legacy is now claiming that there are no additional documents other than the policy and declarations pages that were previously produced.

7. As the Court is aware, Plaintiff expects that the underwriting file would contain, among other things, an application, appraisal or risk assessment, and other documentation addressing the risk and types of coverage to be covered by the policy. Since the documents produced by Real Legacy contain no endorsement, provision or exclusion disclaiming coverage in the actual policy, Plaintiff has nothing to evaluate the defendant's position. Indeed, Counsel for the Plaintiff is hard pressed to believe that there are no underwriting files.

8. Plaintiff has made good faith efforts to comply with the Court's deadlines to resolve the insurance coverage issue but has been unsuccessful is receiving the necessary discovery from Real Legacy and therefore cannot evaluate the coverage defense asserted by Real Legacy.

RESPECTFULLY SUBMITTED.

The undersigned attorney hereby certifies that counsel of record was notified via the Court's ECF System which will electronically email this motion to them.

In San Juan, this 23rd day of May, 2012.

              CORREA-ACEVEDO LAW OFFICES PSC
                   ATTORNEYS FOR
              GREAT NORTHERN INSURANCE COMPANY
               Centro Internacional de Mercadeo II
                Guaynabo, Puerto Rico 00968
                  Tel. (787) 273-8300
                  Fax. (787) 273-8371
               email: ra@correaacevedo.com

                 S/Roberto Abesada-Agüet
                  USDC-PR No. 216706

CO-COUNSEL:
Joseph F. Rich, Esquire
James P. Cullen, Jr., Esquire
COZEN O'CONNOR
1900 Market Street
The Atrium - Third Floor
Philadelphia, PA  19103
(215) 665-7185